UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

October 22, 2019

Ben A. Kaplan, Esq.
Glen H. Chulsky, Esq.
Chulsky Kaplan LLC
280 Prospect Avev., 6G
Hackensack, NJ 07601
*Counsel for Plaintiff*

David A. Faloni, Esq.
Falone & Associates LLC
165 Passaic Ave., Suite 301B
Fairfield, NJ 07004
*Counsel for Defendant*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:    Soto v. Law Offices of Faloni & Associates, LLC**
**Civil Action No. 19-16472 (SDW) (LDW)**

Counsel:

Before this Court is Defendant Law Offices of Faloni & Associates, LLC's ("Defendant") Motion to Dismiss David Soto's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, denies Defendant's motion.

## DISCUSSION

  A.  Standard of Review

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B. <u>Plaintiff's Complaint Sufficiently Sets Forth a Claim Under the FDCPA</u>

This Court writes only for the parties and assumes their familiarity with the procedural and factual history of this matter. Prior to May 10, 2019, Plaintiff, a resident of New Jersey, incurred a financial obligation (the "Debt") to WebBank ("WebBank"). (D.E. 1 ¶¶ 6, 18.) The Debt was subsequently "purchased by and/or sold to LVNV Funding, LLC," and then referred to Defendant for collection. (*Id.* ¶¶ 26-27.)[1] At the time the Debt was referred to Defendant, the Debt was past due and "was in default pursuant to the terms of the agreement creating the [Debt] and/or by operation of law." (*Id.* ¶¶ 28-29; D.E. 1-1 (noting that the account "was charged off on or about November 3, 2017").) On May 10, 2019, Defendant sent written notice to Plaintiff (the "Letter"), which stated that the amount of the Debt was $772.21, and was "subject to change pursuant to state or federal law." (D.E. 1-1.)

On August 8, 2019, Plaintiff filed a class action Complaint in this Court on behalf of himself and others similarly situated alleging that Defendant's letter violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). (*See generally* D.E. 1.) Defendant filed the instant motion to dismiss on August 30, 2019. (D.E. 4.)

The FDCPA, 15 U.S.C. § 1692, *et seq.,* provides private causes of action to consumers who have suffered "the use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). Courts analyzing FDCPA claims apply a "least sophisticated debtor" standard which is lower than "simply examining whether particular language would deceive or mislead a reasonable debtor." *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 454 (3d Cir.2006) (quoting *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir.2000)) (internal quotation marks omitted). However, a debtor cannot disregard responsibilities or adopt "bizarre or idiosyncratic interpretations of collection notices," as the standard "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Wilson,* 225 F.3d at 354–55 (internal quotations and citations omitted). "Importantly, whether the least sophisticated debtor would be misled by a particular communication is a question of law that may be resolved in a Rule 12(b)(6) motion." *Smith v. Lyons, Doughty & Veldhuius, P.C.,* No. 07–5139, 2008 WL 2885887, at *3 (D.N.J. July 23, 2008); *see also Devito v. Zucker, Goldberg & Ackerman, LLC*, 908 F. Supp. 2d 564, 568–69 (D.N.J. 2012).

This Court is satisfied that Plaintiff's Complaint sufficiently sets forth a claim upon which relief can be granted. Plaintiff alleges that Defendant violated § 1692e of the FDCPA

---

[1] A collection suit brought by LVNV against Plaintiff in New Jersey State Court was dismissed on December 11, 2018, nearly five months before the Letter was sent. (D.E. 7-1.)

which prohibits the use of misleading, deceptive or false representations in the collection of debts and § 1692f which prohibits the use of improper means to collect a debt "to which the debt collector is not legally entitled." (*See* 15 U.S.C. §§ 1692e, 1692f; D.E. 1 ¶¶ 47-79.) Specifically, Plaintiff alleges that the Letter violates the FDCPA because it "would lead the least sophisticated consumer to believe that the amount due could increase" when, in fact, the Debt was in default and could not be increased. (D.E. 1 ¶¶ 37-42, 47-79.) Although it remains to be seen whether the facts will ultimately support Plaintiff's allegation (and, indeed, the parties disagree as to the state of the Debt when the letter was sent (*see* D.E. 7 at 10-11; D.E. 6-9)), Plaintiff has pled facts sufficient to sustain his claim that the language of the Letter was misleading and/or improper under §§ 1692e and 1692f.

## **CONCLUSION**

Defendant's Motion to Dismiss the Complaint is **DENIED**. An appropriate order follows.

   /s/ Susan D. Wigenton  
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk  
cc: Parties  
      Leda D. Wettre, U.S.M.J.